IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF:<br><br>Arthritis and Osteoporosis Center, 708 Broadwater Ave., Billings, MT | MJ 17-27-BLG-TJC-1<br><br>**ORDER** |

Dr. Enrico Arguelles moves the Court to unseal the search warrant affidavit in this matter dated March 29, 2017, setting forth the basis to search his medical clinic, the Arthritis and Osteoporosis Center ("AOC"). (Doc. 9.) The United States opposes the motion and has filed response. (Doc. 19.) The matter is fully briefed and ripe for review by the Court. For the following reasons, the motion will be GRANTED on a limited basis.

**I.     Background**

Dr. Enrico Arguelles ("Arguelles") is a medical doctor, board certified in internal medicine and rheumatology. (Doc. 10 at 4.) Arguelles founded the Arthritis and Osteoporosis Center ("AOC") in Billings in 1990, which later became the subject of a federal investigation. (*Id*. at 4-5; Doc. 19 at 2.) Federal agents executed a search warrant at AOC on March 31, 2017 and seized business and medical records from January 2010 through the date of the warrant. (*Id*.) The

1

government contemporaneously filed a motion to seal all pleadings in this matter. (Docs. 3, 4.)

Pursuant to the warrant, federal law enforcement officers seized "physical items such as MRI patient logs and policy documents as well as electronic media." (Docs. 10 at 5; 19 at 2.)  After the search and seizure, the government copied all of the original documents, provided scanned images, and is currently working to provide a hard drive containing copies of the seized electronic media to Arguelles. (Doc. 19 at 2.)  Federal agents are still in the process of reviewing thousands of documents seized in connection with the warrant.  (*Id.* at 3.)  In the years since the execution of the warrant, Dr. Arguelles closed AOC and retired from private practice.  (*Id*.)

The search warrant records remain sealed and inaccessible.  (Doc. 10 at 7.)  Arguelles now moves to unseal the search warrant affidavit under the Fourth Amendment of the U.S. Constitution.  (Doc. 9 at 1.)

## II.   Legal Standard

The Fourth Amendment of the U.S. Constitution protects persons against unreasonable searches and seizures.  U.S. Const. amend. IV.  "The bulwark of the Fourth Amendment protection is the Warrant Clause, requiring that, absent certain carefully delineated exceptions, police obtain a warrant from a neutral and detached magistrate before embarking upon a search and that no warrant shall

issue but upon probable cause, supported by oath or affirmation." *Terry v. Ohio*, 392 U.S. 1, 20 (1968); *In re Search Warrants Issued Aug. 29, 1994*, 889 F. Supp. 296, 298 (S.D. Ohio 1995).

Federal Rule of Criminal Procedure 41(f) governs the execution and return of the warrant, mandating the officer executing the warrant to perform certain duties such as taking an inventory of property seized and return of the warrant and the inventory to the issuing judge. Ultimately, these materials must be filed with the clerk of court. Fed. R. Crim. P. 41(i). By virtue of this filing, they are made public to "serve[] as a check on the judiciary because the public can ensure that judges are not merely serving as a rubber stamp for the police." *In re Application of New York Times Co. for Access to Certain Sealed Court Records*, 585 F. Supp. 2d 83, 88, 90 (D.D.C. 2008).

Warrant materials are important to adjudicate Fourth Amendment rights protecting against unreasonable search and seizures. *United States v. Bus. of Custer Battlefield Museum & Store Located at Interstate 90, Exit 514, S. of Billings, Mont.*, 658 F.3d 1188, 1193 (9th Cir. 2011) (citing *In re Application of New York Times*, 585 F. Supp. 2d at 90). Multiple courts have held that an individual has a pre-indictment right to access search warrant materials "grounded in the Fourth Amendment." *In re Searches and Seizures*, 2008 WL 5411772, at *3 (E.D. Cal. Dec. 19, 2008) (collecting cases). The right is not absolute, however,

3

and may be denied "where a compelling governmental interest is demonstrated requiring that the materials be kept under seal." *Id.* at *4.  The government must also show that there is no less restrictive means, such as redaction, to serve that interest.  *Id.*; *In re Search Warrants Issued on April 26, 2004*, 353 F.Supp.2d 584, 591 (N.D. MD 2004); *United States v. Oliver*, 208 F.3d 211, 2000 WL 263954, *2 (4th Cir. 2000)); *In re Search Warrants Issued August 29, 1994*, 889 F.Supp. at 299.  General and conclusory concerns "potentially present in any investigation," such as premature revelation of the government's theory of the case or direction of the investigation, are insufficient.  *Id.*; *In re Search Warrants Issued on April 26, 2004*, 353 F.Supp.2d at 591-92; *In re Search of Up North Plastics, Inc.*, 940 F. Supp. 229, 233-34 (D. Minn. 1996).  Instead, a specific factual basis is required that demonstrates a compelling interest in maintaining a seal and redaction would not serve that compelling interest.  *Id.*; see *In re Documents 1, 2, 3 Search Warrant and Supporting Affidavits Relating to Kaczynski*, 1996 WL 343429, at *1 (D. Mont. 1996).

**III.  Discussion**

Arguelles argues that he has a Fourth Amendment right to examine the search warrant affidavit.  (Doc.10 at 9.)  Arguelles also asserts that Federal Rule of Criminal Procedure 41 presumptively makes search warrant materials public, and past amendments to the rule contemplated challenges.  (*Id.* at 7-8, 13-14.)  In

support, Arguelles cites a District of Montana standing order that requires "any sealed case file shall be presumptively considered suitable for unsealing after the case file has been closed for a period of three years or more," noting that three years have passed since execution.  (Doc. 10 at 9; citing D. Mont. Standing Order No. DLC-52 (January 23, 2020).)

The United States argues that there is no public right to unseal a search warrant during a pending law enforcement investigation, citing *Times Mirror Co. v. United States*, 873 F.2d 1210, 1216 (9th Cir. 1989) and *Kaczynski*, 1996 WL 343429, at *1-2.  (Doc. 19 at 3.)  Instead, the government asserts that Arguelles has not satisfied the Ninth Circuit's balance of interest test referred to in *Offices of Lakeside Non-Ferrous Metals, Inc. v. United States*, 679 F.2d 778, 780 (9th Cir. 1982).  (*Id.* at 5.)

The Court agrees with Arguelles that he has a right, grounded in the Fourth Amendment, to access the search warrant affidavit.  The Court further finds that the United States has not met its burden to demonstrate a compelling government interest to deny Arguelles access.  The United States asserts that it "has a strong interest in maintaining the secrecy of its investigation while it is pending."  (Doc. 19 at 6.)  But the United States has not provided a specific factual basis or any supporting affidavit demonstrating why secrecy is integral to its investigation,

much less explain how less restrictive means would not adequately serve its interest in secrecy.

The United States' reliance on *Times Mirror* and *Kaczynski* is also misplaced.  In *Times Mirror Co.*, media companies appealed decisions dismissing their requests to unseal warrants and supporting affidavits related to an ongoing, pre-indictment investigation based on the First Amendment, common law, and the Federal Rules of Criminal Procedure.  *Times Mirror*, 873 F.2d at 1210-1220.  *Kaczynski* likewise involved a First Amendment claim brought by several media organizations to access search warrant documents related to a "massive criminal investigation involving locations and witnesses all around the United States.  *Kaczynski*, 1996 WL 343429, at *1.

In this matter, however, Arguelles is not asserting a First Amendment claim that the public should have access to the affidavit; he is asserting a Fourth Amendment claim that he, as a target of the search and investigation, has a right to access the affidavit.  Neither *Times Mirror* nor *Kaczynski* addressed an individual's right under the Fourth Amendment to access an affidavit used to procure a warrant to search their property.   See, *In re Searches and Seizures*, 2008 WL 5411772 at *3 (*Times Mirror* addressed the media's right of access and "did not address the entirely different question of a property owner's 'abiding interest in challenging the reasonableness of the government's invasion of his property and/or privacy.'")

(quoting *In re Search Warrants Issued on April 26, 2004*, 353 F.Supp.2d at 590); *Societe D'Equipments Internationaux Nigeria, LTD v. Dolarian Capital, Inc.,* 2016 WL 4191887 *1 (August 8, 2016) (*Times Mirror* refused to find any *public* right of access to search warrant materials, but "there exists a *private* right of access under the Fourth Amendment to the affidavit in support of the search warrant during the pre-indictment state, which vests in the individual or entity whose property was seized.") (Emphasis in original; internal quotations and citations omitted.)

Moreover, due to the scope and nature of the underlying case in *Kaczynski*, the court found a "substantial likelihood" that granting access prematurely would compromise the government's investigation, and that the government's interests in secrecy outweighed the public desire for access to the information. *Id*. at *3. But integral to the court's analysis was a "highly persuasive" affidavit asserting a significant risk of loss of evidence and the influence of witnesses should the documents be unsealed. *Id.* at *2.

Here, the United States fails to produce any such affiant to persuade this Court that secrecy alone is a compelling interest to its ongoing five-year investigation and three-year review of AOC's seized records. The Court is left with the government's simple, general proposition that it has a strong interest in secrecy. As multiple courts have found, "general and conclusory concerns" are insufficient to meet the government's burden to show a compelling government

7

interest in secrecy. See *In re Searches and Seizures*, 2008 WL 5411772, at *3; *In re Search Warrants Issued on April 26, 2004*, 353 F.Supp.2d at 591-92; *Up North Plastics*, 940 F. Supp. at 233-34.

The government's reliance on *Lakeside* is similarly unavailing. In *Lakeside*, the government seized books and records from a property owner's business offices and held them under seal for eleven months. *Lakeside*, 679 F.2d at 779. The government subsequently returned copies of the records to the property owner, and when the property owner filed a motion to unseal the search warrant affidavit the district court denied the motion. *Id.* On appeal, the Ninth Circuit affirmed the district court's denial, concluding: "we cannot say appellant has demonstrated much hardship to it by reason of the seizure, inasmuch as copies of all materials have been (returned). This is a factor in a trial court's required balancing of the Government's interest in secrecy against a temporary loss to the movant of his property." *Id.* at 780.

Here, the United States argues that *Lakeside* applies, chiefly because federal agents have already returned copies of the seized documents to Arguelles and are in the process of providing him with copies of the electronic files seized. (Doc. 19 at 5.) Singling out *Lakeside*'s discussion of alleged hardship from loss of property, the government asserts that Arguelles has failed to show the requisite hardship due to deprivation of property, and thus is not entitled to access the affidavit. (*Id.*)

While not totally inapposite, *Lakeside* does not address Arguelles's primary argument under the Fourth Amendment.  Arguelles is not alleging hardship due to the seizure of his property; rather, he is arguing that his right to challenge the reasonableness of the search and seizure have been compromised by the continued sealing of the affidavit.

Furthermore, at least one aspect of *Lakeside* appears to favor Arguelles's argument.  The Ninth Circuit admonished the trial court to "exercise its continuing jurisdiction to ensure that the Government's investigation proceeds with diligence and to protect the rights of the appellant, *which become more critical with the passage of time*."  *Lakeside*, 679 F.2d at 780.  (Emphasis added.)  Here, three years, eight months have passed since the execution of the warrant to search and seize AOC premises and records, which Arguelles owned and operated.  The Court recognizes that the government is still reviewing AOC's records, but under *Lakeside*, the passage of several years alerts the Court to its duty to protect Arguelles's rights.

Other courts agree that the passage of time matters in this calculus.  In *In re Search Warrants Issued Aug. 29, 1994*, for example, the court rejected the government's argument that unsealing a search warrant affidavit would jeopardize the underlying criminal investigation because the investigation had been underway for three years; the warrant had been executed six months prior; the investigation

9

was not part of a broader investigation (as in *Kaczynski* or *Times Mirror*); and no other compelling government interests were present that would overcome the right to inspect the affidavit. *In re Search Warrants Issued Aug. 29, 1994*, 889 F. Supp. at 299. The same is true here.

In addition, the United States has not explained why redaction is insufficient to protect its' interest in conducting the investigation. Indeed, the United States' appears to concede redaction is possible, having filed a redacted search warrant affidavit for *in camera* review. The redactions address the United States' concern for witness confidentiality during the investigation process. The Court finds the redactions adequately protect the United States' investigation, while protecting Arguelles's Fourth Amendment rights to ensure a reasonable search and seizure have been effectuated. (*See* Docs. 22, 22-1.)

### IV. Conclusion

The Court finds that the United States has failed to show a compelling government interest and the balance of interests weigh solidly in Arguelles's favor. Further, redaction appears to serve the government's interest while protecting Arguelles's Fourth Amendment right to be secure against unreasonable search and seizure. It is unclear from Arguelles's motion, however, whether he seeks to have the affidavit unsealed to the general public, or whether it be unsealed on a limited basis to allow access by himself and his attorneys. Since the Court's findings here

are limited to Arguelles's personal right to obtain access to the affidavit under the Fourth Amendment, the Court will, at this juncture, order that the affidavit be unsealed on a limited basis. If Arguelles seeks to have the affidavit be unsealed to the public, he may do so by a subsequent motion.

Therefore,

IT IS ORDERED that the Motion to Unseal (Doc. 9) is GRANTED to the limited extent that the United States shall provide Arguelles with a copy of the redacted search warrant affidavit filed with the Court (Doc. 22-1) forthwith.

**IT IS ORDERED**.

DATED this 23rd day of November, 2020.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge